# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

AMERICAN INDIAN AND ALASKA NATIVE
CULTURAL AND ARTS DEVELOPMENT INSTITUTE,

      Plaintiff,

      vs.                                                                  No. CIV 98-1192 JC/WWD

DAYMON & ASSOCIATES, a New Mexico Partnership,
DONALD DAYMON, Individually and in his Official
Capacity as a Partner, & MARGARET GARDUNO,
Individually and in her Official Capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant's Motion to Dismiss Unfair Practices Act Claim *(Doc. 21)*, filed April 29, 1999. The Court has reviewed the motion, the memoranda and supplemental response submitted by the parties, and the relevant authorities. The Court finds that the motion is not well taken and will be denied.

## Background

The Institute of American Indian and Alaska Native Culture and Arts Development ("IAIA") operates a college and museum in Santa Fe, New Mexico. Plaintiff alleges that it hired Defendants to perform accounting and auditing services and to act as its controller and chief financial officer from November 1995 until February 1997.

On November 13, 1995, Rosendo Tapia, an employee of Plaintiff, altered a check for $280,000 that was originally payable to "IAIA." Mr. Tapia deposited the check into his own bank

account. Plaintiff alleges that this theft, as well as other previous thefts, went undetected by Defendants even though Defendants were supposed to be performing auditing and accounting functions.

According to Plaintiff, Defendants willfully failed to perform the accounting and auditing services that they agreed to provide. Plaintiff claims that it suffered damages of at least $280,000 because Defendants failed to provide the quality of services promised. Plaintiff seeks treble damages from Defendants for committing an unfair trade practice in violation of the New Mexico Unfair Practices Act, N.M. STAT. ANN. §§ 57-12-1 to -22.

Defendants seek to dismiss the unfair trade practice claim on the ground that accountants are exempt from the New Mexico Unfair Practices Act because their actions are governed by a regulatory body, the New Mexico Board of Accountancy. Alternatively, Defendants seek to dismiss the Unfair Practices Act claim because Plaintiff has failed to allege a "knowing" misrepresentation covered under the act.

**Analysis**

Defendants' motion seeks dismissal for failure to state a claim for which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). For the purposes of this motion, the Court accepts all factual allegations of Plaintiff's complaint as true and construes them in the light most favorable to Plaintiff's claims. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). "A district court should not dismiss a complaint pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff could prove no set of facts in support of [the] claim that would entitle [Plaintiff] to relief." *Riddle*, 83 F.3d at 1201.

Defendants claim that accountants fall within the exemption of N.M. STAT. ANN. § 57-12-7. As Plaintiff notes in its response, New Mexico courts have not addressed the issue of whether accountants and similar professionals were exempt from the Unfair Practices Act prior to its recent amendment.[1] Prior to its amendment, the regulatory exemption read as follows:

> Nothing in the Unfair Practices Act shall apply to actions or transactions permitted under laws administered by a regulatory body of the state of New Mexico or the United States.

N.M. STAT. ANN. § 57-12-7 (Repl. Pamp. 1995).

Only two New Mexico appellate court opinions have interpreted this exemption. In *State ex rel. Stratton v. Gurley Motor Co.*, 105 N.M. 803, 737 P.2d 1180 (Ct. App. 1987), the New Mexico Court of Appeals held that the exemption did not protect a corporation that solicited insurance sales for Lloyds of the Southwest insurance company without being licensed to sell insurance in New Mexico. *See id.* at 804-05, 737 P.2d at 1181-82. In reaching that conclusion, the court decided that it is not enough that a regulatory body is responsible for regulating the complained-of conduct. *See id.* at 807, 737 P.2d at 1184. Instead, the focus is on the activity of the defendant. "The language of the exemption statute only applies to activities that are permitted under other laws, not activities that are not even implicitly authorized under other regulatory licensing laws." *Id.* Therefore, the *Gurley Motor Co.* court held that the defendant's activities could not have

---

[1] The New Mexico legislature amended the Unfair Practices Act during this past legislative session. *See* 1999 N.M. Laws Ch. 171 (approved April 6, 1999). The amendment does not apply to this case because this action was filed before the amendment was enacted. The amendment modifies Section 57-12-7 to read:

> Nothing in the Unfair Practices Act shall apply to actions or transactions expressly permitted under laws administered by a regulatory body of New Mexico or the United States, but all actions or transactions forbidden by the regulatory body, and about which the regulatory body remains silent, are subject to the Unfair Practices Act.

*Id.* § 2.

been "permitted" by the state Superintendent of Insurance if the defendant was not even a licensed insurance agent. *See id.*

The New Mexico Supreme Court used a similar transactional approach in *Ashlock v. Sunwest Bank of Roswell, N.A.*, 107 N.M. 100, 753 P.2d 346 (1988), *overruled on other grounds by Gonzales v. Surgidev Corp.*, 120 N.M. 133, 899 P.2d 576 (1995). In *Ashlock*, the issue was whether banks that are regulated by the federal government fall within the exception to the Unfair Practices Act. The defendant bank in that case had advertised a high interest checking account, but instead opened a non-interest-bearing checking account for the plaintiff. When the plaintiff complained after the error was discovered, the bank refused to credit his account for back interest. The *Ashlock* court concluded that the exemption did not apply because there was no "federal statute or regulation that would evidence the intent of Congress or the federal regulatory branch to regulate, to any extent, the bank's failure to deliver goods or services as promised." *Id.* at 103, 753 P.2d at 349.

In the present case, Plaintiff claims that Defendants agreed to deliver accounting and auditing services, and to act as controller and chief financial officer. Plaintiff claims that Defendants knowingly failed to deliver the quality or quantity of services that were promised, similar to the bank in *Ashlock* that failed to deliver the promised interest rate. Defendants cite a number of provisions in the Public Accountancy Act, N.M. STAT. ANN. §§ 61-28A-1 to -28, to demonstrate that the State Board of Accountancy regulates the professional quality, competence and conduct of certified public accountants. Defendants do not, however, point to any statute or regulation that directly applies to an accountant's failure to deliver the services as promised. The knowing failure of an accountant to deliver promised services is not necessarily the sort of dishonest, fraudulent, or grossly negligent conduct that the Public Accountancy Act proscribes. State accountancy boards regulate the

professional aspects of the practice of accounting as opposed to the commercial or entrepreneurial aspects. *See Advest Group, Inc. v. Arthur Andersen, LLP.*, 1998 WL 457697 (Conn. Super., July 28, 1998) at *8.

A number of courts in other states have held that consumer protection acts similar to New Mexico's Unfair Practices Act apply to professionals that are regulated by state boards. For example, Washington, Michigan and Connecticut recognize that consumer unfair practices acts apply only to commercial aspects of the practice of professions such as law, medicine or accountancy. *See Short v. Demopolis,* 691 P.2d 163, 170 (Wash. 1984); *Meryhew v. Gillingham*, 893 P.2d 692, 694 (Wash. App. 1995) (holding entrepreneurial aspect of law practice may be subject of a consumer protection act claim); *Nelson v. Ho*, 564 N.W.2d 482, 486-87 (Mich. App. 1997) (holding that medical malpractice may not be the basis of a consumer protection act claim but that entrepreneurial or commercial aspects of the practice of medicine may be the basis of a claim); *Advest Group, Inc.*, 1998 WL 457697 at *8 (entrepreneurial aspects of accounting are covered by the unfair trade practices act). I find the *Short* and *Meryhew* holdings particularly persuasive because Washington's exemption for transactions permitted by a regulatory body includes substantially the same language as the New Mexico exemption. ("Nothing in this chapter shall apply to actions or transactions otherwise permitted, prohibited or regulated under laws administered by [enumerated state and federal agencies] . . . or transactions permitted by any other regulatory body or officer acting under statutory authority of this state or the United States." WASH. REV. CODE § 19.86.170.) Because of the similarities in the statutory language, the New Mexico Court of Appeals has found Washington court opinions to be persuasive in defining the scope of the New Mexico exemption. *See Gurley Motors, Inc.*, 105 N.M. at 808, 737 P.2d at 1185.

The recent amendment to the Unfair Practices Act clarifies that the act will apply to licensed professionals, and the exemption will only exclude actions or transactions expressly permitted under laws administered by a regulatory body. *See* 1999 N.M. Laws Ch. 171 §§ 1-2. Although one might argue that the adoption of this amendment indicates the belief of the legislature that licensed professionals were not covered by the previous act, I reject that reasoning because the amendment's language indicates an intent to clarify rather than modify the previous act. For example, revised section 57-12-2.E adds the clause "including services provided by licensed professionals" to the list of transactions covered by the unconscionable trade practice definition. Grammatically, the clause relates back to the word "services" that was already included in the list of transactions covered by the Act. Revised section 57-12-7 limits the scope of the exemption by adding the clause, "but all actions or transactions forbidden by the regulatory body, and about which the regulatory body remains silent, are subject to the Unfair Practices Act." This last revision merely codifies the *Gurley Motors* holding, which was already New Mexico law. Thus, I cannot conclude from the legislature's action of amending the Act to expressly include licensed professionals that licensed professionals were not covered by the prior version of the Act.

As their second ground for dismissal, Defendants claim that the Complaint fails to allege that any false or misleading statement was "knowingly" made by Defendants. The Unfair Practices Act defines an unfair or deceptive trade practice as "any false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with" certain transactions "which may, tends to or does deceive or mislead any person." N.M. STAT. ANN. § 57-12-2.D. (Repl. Pamp. 1995). Section 57-12-2.D.(17) includes "failure to deliver the quality or

quantity of goods or services contracted for" as one of the practices expressly included in the definition.

New Mexico courts interpret the requirement that a false or misleading representation has been "knowingly" made somewhat differently when the alleged unfair trade practice involves the failure to deliver the quantity or quality of goods or services promised. A statement that was not knowingly false at the time it was made can become false if the representing party delivers goods or services that are not what was promised. *See Ashlock*, 107 N.M. at 101-02, 753 P.2d at 347-48. Therefore, a representation knowingly made in connection with offering a service that becomes false when the party fails to deliver the agreed-upon service meets the scienter requirement of the statute. *See id.* at 102, 753 P.2d at 348.

Plaintiff's complaint adequately alleges a knowing misrepresentation. Paragraphs 58 and 60 of the Complaint allege that Defendants made representations. Paragraph 62 alleges that Defendants willfully failed to provide the services that they represented would be performed. This is indistinguishable from the conduct of the defendant in *Ashlock* who advertised high interest checking, without an intent to mislead at the time the representation was made, but failed to provide the agreed-upon interest rate. *See id.* Thus, Plaintiff's complaint sufficiently alleges a violation of the Unfair Practices Act.

**Conclusion**

The commercial practices of Defendants that are alleged in the Complaint do not automatically fall within the exemption for regulated activities merely because accountants are regulated by the State Board of Accountancy. Further, Plaintiff's complaint adequately alleges a

violation of the Unfair Practices Act by asserting a knowing representation coupled with a willful failure to deliver the promised services.

Wherefore,

**IT IS ORDERED** that Defendants' Motion to Dismiss Unfair Practices Act Claim *(Doc. 21)*, filed April 29, 1999, is **denied**.

DATED this 23rd day of June, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs :   Patricia Salazar Ives
                           Tanya Trujillo
                           Simons, Cuddy & Friedman
                           Santa Fe, New Mexico

Counsel for Defendants:    John Brant
                           Rodey, Dickason, Sloan, Akin & Robb
                           Albuquerque, New Mexico

                           Christine M. Landavazo
                           Atkinson & Thal
                           Albuquerque, New Mexico