IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMERICAN INDIAN AND ALASKA NATIVE
CULTURE AND ARTS DEVELOPMENT
INSTITUTE,

       Plaintiff,

     vs.                                                                   No. CIV 98-1192 JC/WWD

DAYMON & ASSOCIATES, a New Mexico
Partnership, et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion for Reconsideration of Motion to Dismiss Unfair Practices Act Claim, filed September 27, 1999 *(Doc. 41)*. The Court has reviewed the motion, the memoranda and exhibit submitted by the parties, and the relevant authorities. The Court finds that Defendants' Motion For Reconsideration is well taken and will be granted in part. Plaintiff's request for leave to amend is also well taken and will be granted. The facts relevant to this issue were set forth in the Memorandum Opinion and Order filed June 23, 1999 ("Order") *(Doc. 33)*.

*Discussion*

Defendants move for reconsideration of this Court's earlier denial of their Motion to Dismiss Plaintiff's Unfair Practices Act Claim, based on a recently decided case, *Teague-Strebeck Motors, Inc. v. Chrysler Insurance Co.*, 1999-NMCA-109, Vol. 38, No. 34, SBB 14. Defendants contend that *Teague* limits the reach of *Ashlock v. Sunwest Bank*, 107 N.M. 100, 753 P.2d 346 (1988),

*overruled on other grounds by Gonzales v. Surgidev Corp.*, 120 N.M. 133, 899 P.2d 576, (1995), a case upon which this Court relied in denying Defendants' motion to dismiss. This Court cited *Ashlock* in finding that "a representation knowingly made in connection with offering a service that becomes false when the party fails to deliver the agreed-upon service meets the scienter requirement of the statute." Order at 7 *(Doc. 33)*.

*Teague* acknowledges that one could interpret *Ashlock* as minimizing the relevance of the defendant's knowledge or intent at the time the representation is made. *See Teague*, SBB at 24. However, in noting *Ashlock's* ruling that "a statement could violate the [UPA] even though it was not 'made with the intent to mislead,'" *id.* (quoting *Ashlock*, 107 N.M. 100, 101, 753 P.2d 346, 348 (1988)), *Teague* found that *Ashlock* did not eliminate the "knowingly" requirement of the UPA.[1] *See id. Teague* is in agreement with *Stevenson v. Louis Dreyfus Corp.*, 112 N.M. 97, 811 P.2d 1308 (1991), which held that the "misrepresentation need not be intentionally made, but it must be knowingly made." *Id.* at 100, 753 P.2d at 1311.

In its unfair trade practices claim, Plaintiff fails to allege that at the time Defendants made representations regarding their services, Defendants: 1) "*knew* that [their] representations regarding [accounting services] were false or misleading," *Teague*, SBB at 24 (emphasis added), or that 2) "in the exercise of reasonable diligence" should have known that their representations were false or misleading. *Stevenson*, 112 N.M. at 100-01, 811 P.2d at 1311-12. After re-evaluation of *Ashlock*, *Stevenson* and *Teague*, I find Plaintiff's allegations are insufficient to state a claim that Defendants committed unfair trade practices in violation of the UPA.

---

[1] The Unfair Practices Act ("UPA") describes an unfair or deceptive trade practice as "any false or misleading . . . representation of any kind knowingly made in connection with the sale, lease, rental or loan of . . . services . . . which may, tends to or does deceive or mislead any person." NMSA 1978, § 57-12-2(D) (1995).

In its response brief, Plaintiff requested leave to amend the complaint should the Court find that it fails to state a claim under the UPA. FED. R. CIV. P. 15(a) demands that "leave shall be freely given when justice so requires." I will grant Plaintiff twenty (20) days from the day this order is entered to file an amended complaint of its unfair trade practices claim. If an amended complaint is not timely filed, Defendants' Motion to Dismiss Unfair Practices Act Claim will be granted.

Wherefore,

IT IS ORDERED that Defendants' Motion for Reconsideration of Motion to Dismiss Unfair Practices Act Claim, filed September 27, 1999 *(Doc. 41),* is **granted in part**.

IT IS FURTHER ORDERED that Plaintiff's request to amend its complaint is **granted**; Plaintiff shall have twenty (20) days from the date this order is entered to file an amended complaint of its unfair trade practices claim with this Court.

IT IS FINALLY ORDERED that should Plaintiff fail to file an amended complaint as ordered, Defendants' Motion to Dismiss Unfair Practices Act Claim shall be granted.

DATED this 4th day of October, 1999.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:	Tanya M. Trujillo
	Patricia Salazar Ives
	Simons, Cuddy & Friedman
	Santa Fe, New Mexico

Counsel for Defendants:	John M. Brant
	Rodey, Dickason, Sloan, Akin & Robb
	Albuquerque, New Mexico